Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
Garrett Griggs, Bar #030525
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: cretts@wienekelawgroup.com
Email: ggriggs@wienekelawgroup.com

*Attorneys for Defendants Harris, Navarro, Cameron, Adair, Chuey, Goodrich, Freeman, Thomas, Orr, Brown, and Cost*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Christopher Gagne in his capacity as the Personal Representative of the Estate of Shawn Taylor Gagne; Christopher and Suzette Gagne, husband and wife, as the surviving parents of decedent Shawn Gagne,

Plaintiffs,

vs.

City of Mesa, a political subdivision of the State of Arizona; Kevin Cost, Chief of Mesa Police Department, individually and in his official capacity; Matthew Harris, in his individual capacity and in his capacity as a police officer; Kyle Thomas, in his individual capacity and in his capacity as a police officer; Shawn Freeman, in his individual capacity and in his capacity as a police officer; Matt Brown, in his individual capacity and in his capacity as a police officer; Kyle Cameron, in his individual capacity and in his capacity as a police officer; Matthew Chuey, in his individual capacity and in his capacity as a police officer; Robert Goodrich, in his individual capacity and in his capacity as a police officer; Alejandro Navarro, in his individual capacity and in his capacity as a police officer; Matthew Adair, in his individual capacity and in his capacity as a police officer; Christopher Orr, in his individual capacity and in his capacity as a police

NO. 2:24-cv-01337-DJH

**DEFENDANTS' MOTION FOR LEAVE TO FILE NON-ELECTRONIC EXHIBITS 1-15 AND TO SEAL EXHIBITS 1-2 IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS**

1
2
3

officer; ABC Partnerships I-X; XYZ
Corporations I-X; John Does I-X and Jane
Does I-X,
                 Defendants.

4      Defendants seek leave to file fifteen non-electronic exhibits in support of their Reply

5 in Support of Partial Motion to Dismiss to Plaintiffs' First Amended Complaint. These

6 fifteen exhibits are interior COX surveillance video footage from the decedent's apartment,

7 which Plaintiffs produced to Defendants after the Motion to Dismiss was filed. In their

8 Response, Plaintiffs' attach several of these COX surveillance videos and admit that they

9 are referenced in their First Amended Complaint and central to it. *See* Doc. 76, p. 5, ln. 24-

10 45.

11      Plaintiffs have attached only select COX videos, but not all of the relevant

12 information, which results in the presentation of incomplete and misleading information.

13 *See Steckman v. Hart Brewing*, Inc., 143 F.3d 1293, 1295-96 (9ᵗʰ Cir. 1999) (the court need

14 not accept as true allegations that are contradicted by documents referenced in the

15 complaint); *Mayfield v. City of Mesa*, 2023 U.S. Dist. LEXIS 191351, *6 (D.Ariz. Oct. 25,

16 2023) (considering video because it was referenced in the complaint and doing so prevents

17 "plaintiffs from selecting only portions of documents that support their claims, while

18 omitting portions of those very documents that weaken—or doom their claims.").

19      Of these videos fifteen videos, Defendants also move to seal Exhibits 1 & 2.  Exhibits

20 1-2 document the decedent's physical assault and emotional/verbal abuse of his non-party

21 victim girlfriend, which refutes Plaintiffs' claim that the decedent was "confused" and had

22 "no context for what was happening." *See* Doc. 76, p. 2, lns. 4-5.

23      Exhibit 3 documents the decedent firing a round off the patio from handgun while

24 the decedent threatened to blow the brains out of the neighbor and his girlfriend. Yet, in the

25 FAC and the Response, Plaintiffs fail to candidly admit that this aggravated assault

26 occurred. Instead, they repeat that the neighbor "alleged" that the decedent had fired his

27 weapon (yet Plaintiffs' own video conclusively establishes that this occurred). This video

28 also disputes Plaintiffs' false narrative—repeatedly advanced in the response—that the

1    decedent was asleep, confused, and had no context for why the police were arriving at his

2    house.

3          As additional examples of the misleading nature of the select videos, Plaintiffs attach

4    a video segment, Ex. 2, for the purposes of presenting the decedent as peacefully sleeping,

5    but this is not accurate given the other videos. Doc. 76, p. 2. In their FAC at Paragraph 36,

6    Plaintiffs also incorrectly claim that "eventually" Shawn "awoke from sleep startled and

7    confused," about officers being present, but Exhibits 1-15 dispute this characterization.

8    Similarly, in the Response to the Motion to Dismiss, Plaintiffs also claim, for example, that

9    the decedent "retrieved a rifle but kept it at his side." Doc. 76, at p. 2, ln. 5-6. Yet, in the

10   surveillance video that was not attached, the decedent is visible aiming the gun while

11   making threatening statements:



25         *See* still from proposed non-electronic Ex. 6, at 1:52 (pointing rifle at door while

26   threatening)

27

28



*See* still from proposed non-electronic Ex. 8, at 1:30 (aiming rifle out patio door and looking through the scope).



*See* still from proposed non-electronic Ex. 9, at 00:16 (aiming rifle at window as officers are outside).

 

*See* stills from proposed Non-Electronic Exhibit 10, at 0:54 & 1:46 (repeatedly aiming rifle at door and yelling on phone for officers to come to his house right now).

 






*See* stills from proposed Non-Electronic Exhibit 12, at 00:37 & 1:01 & 1:06 & 1:13 (Raising rifle up and aiming while threatening to shoot officers




*See* stills from proposed Non-Electronic Exhibit 13, at 0:23 & 00:55 (rifle aimed and raised while threatening officers during negotiator call)

 

*See* stills from proposed non-electronic Exhibit 15, at 00:31 & 00:59 (rifle raised and aimed while threatening officers during negotiator call)

      As a result of the foregoing, Defendants request leave to file non-electronic Exhibits 1-15, and to seal Exhibits 1 and 2.


      DATED this 15th day of November, 2024.

                     **WIENEKE LAW GROUP, PLC**

By:   */s/ Christina Retts*
         Kathleen L. Wieneke
         Christina Retts
         Garrett Griggs
         1225 West Washington Street, Suite 313
         Tempe, Arizona 85288
         *Attorneys for Defendants Harris, Navarro,*
         *Cameron, Adair, Chuey, Goodrich, Freeman,*
         *Thomas, Orr, Brown, and Cost*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Zachary Mushkatel
Jordan A. Brunner
MUSHKATEL, ROBBINS & BECKER, PLLC
15249 North 99th Avenue
Sun City, Arizona 85351-1964
*Attorneys for Plaintiffs*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

By:    */s/ Lauren Rasmussen*