1  Kathleen L. Wieneke, Bar #011139
   Christina Retts, Bar #023798
2  Rebekah K. Browder, Bar #024992
   WIENEKE LAW GROUP, PLC
3  1225 West Washington Street, Suite 313
   Tempe, Arizona 85288
4  Telephone: (602) 715-1868
   Fax: (602) 455-1109
5  Email: kwieneke@wienekelawgroup.com
   Email: cretts@wienekelawgroup.com
6  Email: rbrowder@wienekelawgroup.com

7  *Attorneys for Defendants City of Mesa,*
   *Adair, Brown, Cameron, Chuey, Freeman,*
8  *Goodrich, Harris, Navarro, Orr, and Thomas*

9

                **UNITED STATES DISTRICT COURT**
10
                    **DISTRICT OF ARIZONA**
11

12  Christopher Gagne, in his capacity as the     NO. 2:24-cv-01337-SHD
    Personal Representative of the Estate of
13  Shawn Taylor Gagne; Christopher and           **DEFENDANTS' ANSWER TO**
    Suzette Gagne, husband and wife, as the       **PLAINTIFFS' THIRD**
    surviving parents of decedent Shawn Gagne,    **COMPLAINT[1]**
14
                      Plaintiffs,
15
    vs.
16
    City of Mesa, a political subdivision of the
17  State of Arizona; Matthew Harris, in his
    individual capacity and in his capacity as a
18  police officer; Kyle Thomas, in his individual
    capacity and in his capacity as a police officer;
19  Shawn Freeman, in his individual capacity
    and in his capacity as a police officer; Matt
20  Brown, in his individual capacity and in his
    capacity as a police officer; Kyle Cameron, in
21  his individual capacity and in his capacity as
    a police officer; Matthew Chuey, in his
22  individual capacity and in his capacity as a
    police officer; Robert Goodrich, in his
23  individual capacity and in his capacity as a
    police officer; Alejandro Navarro, in his
24  individual capacity and in his capacity as a
    police officer; Matthew Adair, in his
25  individual capacity and in his capacity as a
    police officer; Christopher Orr, in his
26  individual capacity and in his capacity as a

27  _____
    [1] Defendants Adair and Orr have filed a Motion to Dismiss all claims against them.
28  Defendant City of Mesa has filed a Motion to Dismiss the *Monell* claim.

1  police officer; ABC Partnerships I-X; XYZ
2  Corporations I-X; John Does I-X and Jane
   Does I-X,
3                                    Defendants.

4          Defendants Harris, Navarro, Cameron, Chuey, Goodrich, Freeman, Thomas, and

5  Brown ("Defendants") for their Answer to Plaintiffs' Third Amended Complaint ("TAC")

6  and the City of Mesa for its Partial Answer, deny each allegation contained in Plaintiffs'

7  ("TAC") and each claim for relief which is not expressly admitted or otherwise pled to.

8          Defendants demand a jury trial on all triable issues.

9                              **JURISDICTION & VENUE**

10         1.      In answering Paragraph 1 of Plaintiffs' Complaint, the allegations do not call

11  for a response from these Answering Defendants. Defendants do not dispute subject matter

12  jurisdiction under 42 U.S.C. § 1983 (original jurisdiction for constitutional claims and

13  supplemental jurisdiction for the state law claims).

14         2.      In answering Paragraph 2 of Plaintiffs' Complaint, the allegations do not call

15  for a response from these Answering Defendants.  Defendants do not dispute that venue is

16  proper because the events at issue in this litigation occurred in Mesa, Arizona, within this

17  district.

18                                    **PARTIES**

19         3.      In answering Paragraph 3 of Plaintiffs' Complaint, Defendants lack sufficient

20  information to form a belief as to the truth of the allegations and therefore deny the same.

21  Defendants deny that there exists a right to file any survival actions pursuant to A.R.S. §

22  14-3110. Defendants affirmatively allege that due to Plaintiff Gagne's out-of-state status

23  Plaintiff should be required to post a cost bond, pursuant to LR 54.1, to secure costs.

24         4.      In answering Paragraph 4 of Plaintiffs' Complaint, Defendants lack sufficient

25  information to form a belief of the truth of the allegations and therefore deny the same.

26  Defendants affirmatively allege that due to Plaintiff Gagne's out-of-state status Plaintiff

27  should be required to post a cost bond, pursuant to LR 54.1 to secure costs.

28         5.      In answering Paragraph 5, Defendant City of Mesa admits the allegations.

2

6.    In answering Paragraph 6, Defendants admit only that Defendant Matthew Harris was a Sergeant with the SWAT team for Mesa Police Department with badge number 16816 at the time of this incident. Defendants lacks sufficient information to form a belief as to whether any shots fired by Defendant Harris were "fatal shots." Defendants affirmatively allege that the Office of Medical Examiner conducted an Autopsy of the decedent, which concluded that only six shots struck the decedent and not all of these shots caused death. *See* Doc. 63, Ex. 1, Medical Examiner's Report. Defendant is unable to answer the allegations as it relates to "overseeing the MPD SWAT" officers due to its overbreadth. Defendant affirmatively allege that there was another Sergeant at the scene in addition to Defendant Harris, Defendant Harris was at a location by himself at the time he fired shots, and each officer makes their own decision as to whether force is justified. *See* Doc. 63, Ex. 2, Scene Diagram. Defendants affirmatively allege that if no shots fired by Defendant Harris hit the decedent, then the claims against Defendant Harris are not viable. If shot(s) hit the decedent, but were not fatal, no claims are viable.

7.    In answering Paragraph 7, Defendants admit the allegations in sentence one. Defendants deny the allegations in sentence two, the correct badge number is 17067. In answering sentence three, Defendants admit only that he fired rounds. Defendants affirmatively allege that the Office of Medical Examiner conducted an Autopsy of the decedent, which concluded that only six shots struck the decedent and not all of these shots caused death. *See* Doc. 63, Ex. 1, Medical Examiner's Report. Defendants affirmatively allege that if no shots fired by Defendant Thomas hit the decedent, then the claims against Defendant Thomas are not viable. If shot(s) hit the decedent, but were not fatal, no claims are viable.

8.    In answering Paragraph 8, Defendants admit the allegations in sentences one and two. For sentence three, Defendants admit only that the Defendant Freeman fired only two shots from his firearm and lacks sufficient information to form a belief as to whether any shot directly hit Shawn. Defendants affirmatively allege that the Office of Medical Examiner conducted an Autopsy of the decedent, which concluded that only six shots struck

1    the decedent, and not all of these shots caused death. *See* Doc. 63, Ex. 1, Medical

2    Examiner's Report. Defendants affirmatively allege that if no shots fired by Defendant

3    Freeman hit the decedent, then the claims against Defendant Freeman are not viable. If

4    shot(s) hit the decedent, but were not fatal, no claims are viable.

5         9.    In answering Paragraph 9, Defendants admit the allegations in sentence one.

6    Defendant Brown's correct badge number is 21421. In answering sentence three,

7    Defendants admit only that he fired rounds. Defendants affirmatively allege that the Office

8    of Medical Examiner conducted an Autopsy of the decedent, which concluded that only six

9    shots struck the decedent and not all of these shots caused death. *See* Doc. 63, Ex. 1, Medical

10   Examiner's Report. Defendants affirmatively allege that if no shots fired by Defendant

11   Brown hit the decedent, then the claims against Defendant Brown are not viable. If shot(s)

12   hit the decedent, but were not fatal, no claims are viable.

13        10.   In answering Paragraph 10, Defendants admit the allegations in sentence one.

14   The correct badge number is 20495. In answering sentence three, Defendants admit only

15   that he fired rounds. Defendants affirmatively allege that the Office of Medical Examiner

16   conducted an Autopsy of the decedent, which concluded that only six shots struck the

17   decedent and not all of the shots caused death. *See* Doc. 63, Ex. 1, Medical Examiner's

18   Report.  Defendants affirmatively allege that if no shots fired by Defendant Cameron hit

19   the decedent, then the claims against Defendant Cameron are not viable. If shot(s) hit the

20   decedent, but were not fatal, no claims are viable.

21        11.   In answering Paragraph 11, Defendants admit the allegations in sentences 1

22   and 2. In answering sentence three, Defendants admit only that he fired rounds. Defendants

23   affirmatively allege that the Office of Medical Examiner conducted an Autopsy of the

24   decedent, which concluded that only six shots struck the decedent and not all of the shots

25   caused death. *See* Doc. 63, Ex. 1, Medical Examiner's Report.  Defendants affirmatively

26   allege that if no shots fired by Defendant Chuey hit the decedent, then the claims against

27   Defendant Chuey are not viable. If shot(s) hit the decedent, but were not fatal, no claims

28   are viable

12.      In answering Paragraph 12, Defendants admit the allegations in sentence 1. The correct badge number is 20130. In answering sentence three, Defendants admit only that he fired rounds. Defendants affirmatively allege that the Office of Medical Examiner conducted an Autopsy of the decedent, which concluded that only six shots struck the decedent and not all of the shots caused death. *See* Doc. 63, Ex. 1, Medical Examiner's Report.  Defendants affirmatively allege that if no shots fired by Defendant Goodrich hit the decedent, then the claims against Defendant Goodrich are not viable. If shot(s) hit the decedent, but were not fatal, no claims are viable

13.      In answering Paragraph 13, Defendants admit the allegations in sentence 1. The correct badge number is 19827.  In answering sentence three, Defendants admit only that he fired rounds. Defendants affirmatively allege that the Office of Medical Examiner conducted an Autopsy of the decedent, which concluded that only six shots struck the decedent and not all of the shots caused death. *See* Doc. 63, Ex. 1, Medical Examiner's Report.  Defendants affirmatively allege that if no shots fired by Defendant Navarro hit the decedent, then the claims against Defendant Navarro are not viable. If shot(s) hit the decedent, but were not fatal, no claims are viable

14.      In answering Paragraph 14, Defendants admit only that Defendant Matthew Adair is a police officer for the City of Mesa who acted as a negotiator. Defendants affirmatively allege that Defendant Adair did not use any force and cannot be sued for excessive force and/or assault and battery for acting as a negotiator. Defendants affirmatively allege that Defendant Adair tried to communicate with the decedent, but was met with a barrage of threatening and homicidal statements.  The decedent threatened:

-   Don't shine the fucking lasers in my fucking house bitch…shine a laser in my house one more time and I'll fucking unload. Shine a fucking laser in my house one more time I will fucking unload on you. I don't care" (*See* Doc. 63, Ex. 3, 1:49-2:00)

-   You are about to have a fucking crisis if you don't get away from my fucking house. Back the fuck up. Right now. With all your fucking SWAT with all your gear. I don't give a fuck. Get the fuck out of my

5

fucking face before I fucking start dumping shots in em. Get the fuck out. Back the fuck up; (55 sec-1:15)

- Get the fuck out of my fucking house before I fucking start dumping shots in your fucking squad cars; (1:15-1:25)

- I'm going to start dumping shots. You guys want to play fucking guns. You guys want to play guns. Let's play fucking guns, bro; (2:17-22)

- I'll show you fucking scary, bro…get the fuck out of my fucking place. Get the fuck out. I don't care, bro. I don't care. I am about to fucking send the jaws of hell upon you people. Don't fuck with me dude. (3:00-3:16)

- I don't give a fuck bro. Come and blow a fucking hole through my head bro. (3:32-3:39)

- I will fucking dump a hole right through your fucking squad car. (3:47-4:00)

- Come to my fucking house and see what fucking happens, bro. Bring the fucking SWAT team in here. I don't give a fuck. I got AKs, I got fucking ARs, I will fucking blow a fucking hole right through your fucking head. Don't fuck with me, bro; (4:15-4:32)

- You guys are fucking up right now…You guys aren't going to take nothing, bro. I got my fucking shotgun, I got my fucking 12 gauge, I don't give a flying fuck, bro.  (4:34-4:55)

- If you guys fucking come into my vicinity there are going to be casualties, including yourself. I don't not give a fuck; (5:00-5:12)

- You ain't going to get me bro. I'm not coming out. (5:49-54)

- I will fucking unload on all your fucking team…Come in and get me. (6:10-40).

- We're coming to shoot right now, homie..I'm getting my fucking shit ready right now. I ain't playing no fucking games; (6:31-6:50)

- Get the fuck out of my house before I fucking start shooting shots; (8:28-8:32)

- I have my fucking armor on…I have my fucking guns loaded… Get the fuck out of here. I don't play no fucking games bro. You guys want a fucking full Iraq war from one person and you better fucking get ready.

Shine fucking lights in my house again I will fucking start shooting. Put the fucking lasers down now; (9:52-10:15)

- Stop fucking shining lights in my fucking house with lasers. I will fucking start unloading on the squad car. They better back the fuck up, dude. If they don't want to lose their fucking lives, then I suggest you get the fuck away; (10:28-10:39)

*See* Doc. 63, Ex. 3, negotiator call.

15.    In answering Paragraph 15, Defendants admit only that Defendant Christopher Orr is a police officer for the City of Mesa who arrived after the first shots had been fired and began assisting Defendant Adair. *See* Doc. 63, Ex. 4, Orr Negotiator Supplement.  Defendants affirmatively allege that Defendant Orr did not use any force and cannot be sued for excessive force or assault and battery for assisting with providing logistical support for the primary negotiator. Defendant Orr did not have any direct contact with the decedent and did not speak to him.  *See* Doc. 63, Ex. 3, negotiator call.

16.    In answering Paragraph 16, the allegations do not call for a response from these answering Defendants.  To the extent a response is required, Defendants deny the same.

17.    In answering Paragraph 17, the allegations do not call for a response from these answering Defendants. The time has expired to add any fictitious Defendants. To the extent a response is required, Defendants deny the same.

18.    The allegations in Paragraph 18 should be stricken as they violate Rules 8 and 10 and bear no relationship to the claims asserted.  Defendants deny the allegations and affirmatively allege that Plaintiffs have been provided body camera footage. Defendants affirmatively allege that the roles of the involved officers was also clearly delineated in the police report.

## **FACTUAL ALLEGATIONS**

19.    In answering Paragraph 19, Defendants deny the allegations.

20.    In answering Paragraph 20, Defendants deny the allegations.

21.    In answering Paragraph 21, Defendants deny the allegations.

1    22.    In answering Paragraph 22, Defendants deny the allegations.

2    23.    In answering Paragraph 23, Defendants deny the allegations.

3    24.    In answering Paragraph 24, Defendants admit only that the decedent was 28

4    years old.  Defendants deny that their actions were unlawful and affirmatively allege that

5    the decedent's choices caused his death.

6    25.    In answering Paragraph 25, Defendants admit that decedent resided in Unit

7    #2164at at Glen at Mesa Apartment Complex located at 1233 N. Mesa Dr., Mesa, AZ

8    85201.

9    **Shawn's Neighbor Calls MPD[2]**

10    26.    In answering Paragraph 26, Defendant admits the allegations. Defendant

11    further alleges that the allegations are incomplete and that the 911 call provides further

12    details. *See* Doc. 63, 911 call. Defendants affirmatively allege that the decedent's camera

13    footage captured him making multiple verbal threatening statements to the neighbor,

14    including threatening to blow her brains out. *See* Doc. 79, Exs. 1-15.

15    27.    In answering Paragraph 27, Defendant admits the allegations.

16    28.    In answering Paragraph 28, Defendants lack sufficient information to form a

17    belief as to the truth of the allegations but admit that the neighbor later reported intoxication.

18    29.    In answering 29, Defendants lack sufficient information to form a belief as to

19    the truth of whether or not the decedent was actually scheduled to enter alcohol treatment

20    but admit that the information was reported.

21    30.    In answering Paragraph 30, Defendants deny the allegations. *See* Doc. 63, Ex.

22    5, 911 call.

23    31.    In answering Paragraph 31, Defendants admit that the neighbor called 911 but

24    deny the Plaintiffs' characterization of the content. Defendants affirmatively allege that

25    _____

26    [2] Defendants deny the allegations.  Defendants affirmatively allege that the decedent
provoked the confrontation with the neighbor by choking his girlfriend out, shooting a
round off the balcony, and then threatening to blow the women's brains out. Defendants

27    affirmatively allege that all attempts to victim blame should be stricken under Rules 8 and
10. Under Ninth Circuit case law, knowledge of intoxication made the decedent more

28    dangerous, not less.

Plaintiffs' TAC provides incomplete information, and that Doc. 63, Ex. 6, provides complete information. See also Ex. 6, CAD records. Defendants affirmatively allege that Plaintiffs' failure to admit that the decedent actually fired a gun off his balcony while threatening the neighbor and Jordan, amounts to bad faith. Undisputed video surveillance from the decedent's residence confirms this fact.

**MPD Responds**

32.    In answering Paragraph 32, Defendants deny the allegations as written as the timeline alleged by Plaintiffs does not comport with the CAD records. See Doc. 63, Ex. 6, CAD; Ex. 2, Scene Diagram for placement of vehicles. Defendants admit that officers began arriving around 9:34 p.m. and continued to arrive after this time.

33.    In answering Paragraph 33, Defendants deny the allegations as to time frame and deny that announcements started immediately when Officers arrived but admit that Officer Maldonado gave repeated announcements over a vehicle PA system and activated the sirens. *See* Doc. 63, Ex. 7, Maldonado body camera (start time 10:19 p.m.).

34.    In answering Paragraph 34, Defendants admit only that after receiving no response after repeated PA announcements and sirens, Kurian instructed Officer Scott Freeman to deploy the first set of beanbag projectiles at the door to "knock" on the door because officers could not approach since the decedent was heavily armed. Three minutes later, a second set of beanbag projectiles was deployed to "knock" at the door. *See* Doc. 63, Ex. 7, Maldanado body camera, at 4:28-7:21. Plaintiff opened the door with a rifle in his hand. *Id*. at 7:21-7:39.

35.    In answering Paragraph 35, Defendants deny the allegations. Defendants deny that they had access to any internal video camera at the time of this incident and dispute that the camera footage does not represent the Defendants' viewpoint.

///

///

///

9

1

**Shawn's Cognitive Impairment Made Known to MPD[3]**

2      36.    In answering Paragraph 36, Defendants deny the allegations in sentence one.

3    Defendants affirmatively allege that Jordan reported that she came back to the property

4    because she saw officers and affirmatively sought them out. Defendants deny the remaining

5    allegations as written because they are incomplete and misleading. The conversation

6    between Jordan and Officer Manuel Gutierrez was captured on body camera, where Jordan

7    repeatedly denied that the decedent had mental health issues and claimed he was intoxicated

8    instead. Defendants deny the Plaintiffs' characterizations of the content and the video

9    evidence speaks for itself. *See* Doc. 63, Ex. 8, Gutierrez body camera at 7:70-51:50.

10      37.    In answering Paragraph 37, Defendants deny the allegations as written

11    because they are incomplete and misleading. The conversation between Jordan and Officer

12    Manuel Gutierrez was captured on body camera, where Jordan repeatedly denied that the

13    decedent had mental health issues and claimed he was intoxicated instead. Defendants deny

14    the Plaintiffs' characterizations of the content and the video evidence speaks for itself. *See*

15    Doc. 63, Ex. 8, Gutierrez body camera at 7:70-51:50.

16      38.    In answering Paragraph 38, Defendants deny the allegations as written

17    because they are incomplete and misleading. The conversation between Jordan and Officer

18    Manuel Gutierrez was captured on body camera, where Jordan repeatedly denied that the

19    decedent had mental health issues and claimed he was intoxicated instead. Defendants deny

20    the Plaintiffs' characterizations of the content and the video evidence speaks for itself. *See*

21    Doc. 63, Ex. 8, Gutierrez body camera at 7:70-51:50.

22      39.    In answering Paragraph 39, Defendants deny that Shawn was asleep, startled,

23    or confused.  Defendants deny the remaining allegations. Defendants affirmatively allege

24    that surveillance footage, Doc. 79, Exs. 1-15, documents the decedent armed and repeatedly

25    pointing a firearm toward officers:

26

27    _____

[3] Defendants deny that the decedent was "cognitively impaired."  Defendants admit
that the decedent was reported to be intoxicated, but that the level of intoxication was
28    unknown to the officers at the time.

1
2
3
4
5
6
7
8
9
10

 

11  *See* stills from Doc. 79, non-electronic Ex. 6, at 1:52 (pointing rifle at door while
12  threatening) and non-electronic Ex. 9, at 00:16 (aiming rifle at window as officers are
13  outside).

14
15
16
17
18
19
20
21
22
23
24
25

 

26  *See* stills from Doc. 79, non-electronic Ex. 8, at 1:30 (aiming rifle out patio door and looking
27  through the scope) and non-electronic 12, at 00:37 (Raising rifle up and aiming while
28  threatening to shoot officers)

1
2
3
4
5
6
7
8
9
10

 

11
12

*See* stills from non-electronic 12, at 1:06 & 1:13 (Raising rifle up and aiming while threatening to shoot officers)

13
14
15
16
17
18
19
20
21
22
23
24

 

25
26

*See* stills from non-electronic 15, at 00:31 & 00:59 (rifle raised and aimed while threatening officers during negotiator call)

27
28

40.     In answering Paragraph 40, Defendants admit only that Shawn was seen at the door with a rifle.  The allegations regarding no further announcements contradict the allegations that repeated announcements were made at 10:17 p.m. Defendants affirmatively allege that contact was made with the decedent by telephone and he was given multiple commands. *See* Doc. 63, Ex. 3.

### **MPD Escalates Confrontation**[4]

41.     In answering Paragraph 41, Defendants admit only that SWAT officers began arriving to the scene at different points in time after patrol secured the perimeter.  The CAD reflects the correct timing of each arrival.

42.     In answering Paragraph 42, Defendants deny the allegations.

43.     In answering Paragraph 43, Defendants deny the allegations in sentence 1. Defendants deny the allegations as written in sentence 2. Defendants admit that Shawn Freeman, a SWAT sniper, was positioned in unit #2165, but denies that it was a perch because the unit was on equal elevation with the decedent's unit. Defendants affirmatively allege that the decedent was in a perch position over patrol and other SWAT officers offering him a dangerous tactical advantage to carry out a mass shooting.

44.     In answering Paragraph 44, Defendants deny the allegations. Defendants affirmatively allege that the decedent's windows had varying degrees of obstruction—some were covered with fabric, others with tin foil, others with blinds.

45.     In answering Paragraph 45, Defendants deny that Samons remains a defendant in this. Defendant denies the timing and sequencing, which Plaintiffs have confused throughout their allegations. Defendants admit that the decedent made multiple statements threatening violence but deny the remaining allegations.  *See* Ex. 3.

46.     In answering Paragraph 46, Defendant denies the allegations.

_____

[4] Defendants deny the allegations in this heading. Defendants affirmatively allege that the decedent was hostile, violent, and homicidal. *See* Ex. 3, negotiator call; Ex. 6, Mesa CAD records; Ex. 5, 911 call.

47.    In answering Paragraph 47, Defendants deny the allegations as written. *See* Doc. 63, Ex 8, Gutierrez body camera.

48.    In answering Paragraph 48, Defendants admit the allegations but affirmatively allege that they omit context and numerous threatening statements made by the decedent. *See* Doc. 63, Ex. 3.

49.    In answering Paragraph 49, Defendants deny that the conversation was broadcast over MPD radio. Updates from the negotiator were put out over the radio, but the conversation was not word for word. Defendants admit that officers attempted to monitor the decedent's movements, but some of the doors and windows were blocked or obscured with foil, fabric or blinds, which gave the decedent a tactical advantage. *See* Doc. 63, Ex. 2.  Defendant admit that the decedent was pacing with a rifle in his hands as reported by multiple third-party witnesses. *See* Doc. 63, Ex. 9, Scott Freeman body camera witness interviews. Defendants allege that the decedent reported that he was heavily armed and multiple weapons and ammunition were found in the apartment. *See* Doc. 63, Ex. 10, scene photographs.

50.    In answering Paragraph 50, Defendants admit only that the full conversation including the context and exact words spoken are recorded on Doc. 63, Ex. 3. Surveillance video contains additional statements by decedent.  Defendants admit that the decedent, while threatening to kill officers, demanded that they turn off sirens, put down their lasers, and leave. Defendants deny all attempts to omit context, present a mischaracterized summary of the event based upon selective quotation, and to improperly characterize the contents of this call. Defendants deny that the decedent lacked knowledge of the officers' reasons for being at the apartment given earlier statements he made to Officer Adair about the incident.

51.    In answering Paragraph 51, Defendants deny the allegations.

///

///

///

14

## MPD SWAT Opens Fire on Shawn

### *Freeman*

52.    In answering Paragraph 52, Defendants admit only that Defendant Shawn Freeman deployed his weapon but deny the remaining allegations. Defendants affirmatively allege that the decedent threatened to kill officers multiple times during the negotiator call, was not engaging in any negotiations and was instead making homicidal statements, and multiple witnesses saw the decedent pacing with a rifle (described as an AK-47) in his hand. *See* Doc. 63, Exs. 3 & 9; Doc. 79, Exs. 1-15. An AK-47 was recovered from the kitchen where the decedent sustained gunshots. *See* Doc. 63, Ex. 10, p. 4.

53.    In answering Paragraph 53, Defendants deny the allegations.

54.    In answering Paragraph 54, Defendants deny the allegations.

55.    In answering Paragraph 55, Defendants deny the allegations.

56.    In answering Paragraph 56, Defendants deny the allegations.

57.    In answering Paragraph 57, Defendants deny the allegations.

58.    In answering Paragraph 58, Defendants deny the allegations.

59.    In answering Paragraph 59, Defendants deny the allegations.

60.    In answering Paragraph 60, Defendants deny the allegations.

61.    In answering Paragraph 61, Defendants deny the allegations.

62.    In answering Paragraph 62, Defendants deny the allegations.

63.    In answering Paragraph 63, Defendants deny the allegations.

64.    In answering Paragraph 64, Defendants deny the allegations.

65.    In answering Paragraph 65, Defendants deny the allegations.

66.    In answering Paragraph 66, Defendants deny the allegations.

67.    In answering Paragraph 67, Defendants deny the allegations.

68.    In answering Paragraph 68, Defendants deny the allegations.

### *Adair and Orr*

69.    In answering Paragraph 69, Defendants admit only that Defendant Orr voiced that a tactical 998 (officer-involved-shooting) had occurred. Defendants admit that the

15

recorded call captures the remaining communications, where Defendant Adair requested surrender, but the decedent never responded positively. *See* Doc. 63, Ex. 3.

70.    In answering Paragraph 70, Defendants admit only that Adair confirmed that Shawn had been hit and deny the remaining allegations.

71.    In answering Paragraph 71, Defendants admit only that Adair confirmed that Shawn had been hit and deny the remaining allegations.

72.    In answering Paragraph 72, Defendants deny the allegations.

73.    In answering Paragraph 73, Defendants deny the allegations.

74.    In answering Paragraph 74, Defendants deny the allegations in sentence 1. Defendants affirmatively allege that they did not have access to the interior surveillance and their justification for shooting (excluding Orr, Adair, who did not shoot) should be assessed from the view that they possessed outside the unit. In answering sentence 2, Defendants deny that Jordan had foundation to offer relevant information regarding the decedent's body armor as she was not in the unit and decedent told officers he was wearing body armor. Defendants affirmatively allege that the officers reasonably believed that the decedent fired shots at officers, as documented on helicopter video. *See* Doc. 63, Ex. 11, helicopter video; Ex. 12, screen shots of video showing rounds exiting the glass.

75.    In answering Paragraph 75, Defendants deny the allegations as characterized. The Defendants admit that the negotiator transcript accurately captures the timing and sequence of what was said.

76.    In answering Paragraph 76, Defendants admit only that Defendant Adair was on the phone with Shawn and denies the remaining allegations.

77.    In answering Paragraph 77, Defendants deny the allegations.

78.    In answering Paragraph 78, Defendants admit the allegations.

79.    In answering Paragraph 79, Defendants deny the allegations and affirmatively alleges that Orr never spoke to Shawn.

80.    In answering Paragraph 80, Defendants deny the allegations and any contention that there is any constitutional or legal basis requiring negotiators to give directives to officers.

81.    In answering Paragraph 81, Defendants deny the allegations.

82.    In answering Paragraph 82, Defendants deny the allegations.

83.    In answering Paragraph 83, Defendants deny the allegations.

84.    In answering Paragraph 84, Defendants admit the allegations but deny that the Orr and Adair had any legal obligation to make such statements or demands.

85.    In answering Paragraph 85, Defendant denies the allegations as they mischaracterize the facts. Defendants affirmatively allege that Shawn opened the door.

### **MPD Opens Fire on Shawn on Stairway Landing**

#### ***Navarro, Thomas, Goodrich, Chuey, Cameron and Brown***

86.    Defendants admit the allegations in Paragraph 86.  Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

87.    Defendants deny the allegations in Paragraph 87. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

88.    Defendants deny the allegations in Paragraph 88. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

89.    Defendants deny the allegations in Paragraph 89. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

90.    Defendants deny the allegations in Paragraph 90. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

1

*Chuey*

2    91.    Defendants deny the allegations in Paragraph 91. Defendants affirmatively

3    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

4    untimely.

5    92.    Defendants deny the allegations in Paragraph 92. Defendants affirmatively

6    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

7    untimely.

8    93.    Defendants deny the allegations in Paragraph 93. Defendants affirmatively

9    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

10    untimely.

11    94.    Defendants deny the allegations in Paragraph 94. Defendants affirmatively

12    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

13    untimely.

14    95.    Defendants deny the allegations in Paragraph 95. Defendants affirmatively

15    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

16    untimely.

17

*Goodrich*

18    96.    Defendants deny the allegations in Paragraph 96. Defendants affirmatively

19    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

20    untimely.

21    97.    Defendants deny the allegations in Paragraph 97. Defendants affirmatively

22    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

23    untimely.

24    98.    Defendants deny the allegations in Paragraph 98. Defendants affirmatively

25    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

26    untimely.

27

28

99.    Defendants deny the allegations in Paragraph 99. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

100.    Defendants deny the allegations in Paragraph 100. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

### Thomas

101.    Defendants deny the allegations in Paragraph 101. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

102.    Defendants deny the allegations in Paragraph 102. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

103.    Defendants deny the allegations in Paragraph 103. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

104.    Defendants deny the allegations in Paragraph 104. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

105.    Defendants deny the allegations in Paragraph 105. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

### Cameron

106.    Defendants deny the allegations in Paragraph 106. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

107.    Defendants deny the allegations in Paragraph 107. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

108.    Defendants deny the allegations in Paragraph 108. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

109.    Defendants deny the allegations in Paragraph 109. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

110.    Defendants deny the allegations in Paragraph 110. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

*Brown*

111.    Defendants deny the allegations in Paragraph 111. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

112.    Defendants deny the allegations in Paragraph 112. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

113.    Defendants deny the allegations in Paragraph 113. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

114.    Defendants deny the allegations in Paragraph 114. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

115.    Defendants deny the allegations in Paragraph 115. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

1

***Navarro***

2        116.    Defendants deny the allegations in Paragraph 116. Defendants affirmatively

3    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

4    untimely.

5        117.    Defendants deny the allegations in Paragraph 117. Defendants affirmatively

6    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

7    untimely.

8        118.    Defendants deny the allegations in Paragraph 118. Defendants affirmatively

9    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

10    untimely.

11        119.    Defendants deny the allegations in Paragraph 119. Defendants affirmatively

12    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

13    untimely.

14        120.    Defendants deny the allegations in Paragraph 120. Defendants affirmatively

15    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

16    untimely.

17    **<ins>MPD Officers Again Open Fire on Shawn in His Doorway</ins>**

18    ***Chuey, Cameron, Goodrich and Harris***

19        121.    Defendants deny the allegations in Paragraph 121. Defendants affirmatively

20    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

21    untimely.

22        122.    Defendants deny the allegations in Paragraph 122. Defendants affirmatively

23    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

24    untimely.

25        123.    Defendants deny the allegations in Paragraph 123. Defendants affirmatively

26    allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and

27    untimely.

28

124.    Defendants deny the allegations in Paragraph 124. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

125.    Defendants deny the allegations in Paragraph 125 due to the inaccurate characterizations. Defendants could only see Shawn's leg.  Defendants admit that ferret gas rounds and a Taser were used, after the decedent was deceased, to assist in determining if he was still alive and waiting in ambush.  Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

126.    Defendants deny the allegations in Paragraph 126.  Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

127.    Defendants deny the allegations in Paragraph 127. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

128.    Defendants admit the allegations in Paragraph 128. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

129.    Defendants deny the allegations in Paragraph 129. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

130.    Defendants deny the allegations in Paragraph 130. Defendants affirmatively allege that they reasonably believed that the decedent fired rounds.

### *Chuey*

131.    Defendants deny the allegations in Paragraph 131. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

132.    Defendants deny the allegations in Paragraph 132. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

133.    Defendants deny the allegations in Paragraph 133. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

134.    Defendants deny the allegations in Paragraph 134. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

135.    Defendants deny the allegations in Paragraph 135. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

136.    Defendants deny the allegations in Paragraph 136. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

### *Harris*

137.    Defendants deny the allegations in Paragraph 137. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

138.    Defendants deny the allegations in Paragraph 138. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

139.    Defendants deny the allegations in Paragraph 139. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

140.    Defendants deny the allegations in Paragraph 140. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

141.    Defendants deny the allegations in Paragraph 141. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

142.    Defendants deny the allegations in Paragraph 142. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

143.    Defendants deny the allegations in Paragraph 143. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

*Goodrich*

144.    Defendants deny the allegations in Paragraph 144. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

145.    Defendants deny the allegations in Paragraph 145. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

146.    Defendants deny the allegations in Paragraph 146. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

147.    Defendants deny the allegations in Paragraph 147. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

148.    Defendants deny the allegations in Paragraph 148. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

149.    Defendants deny the allegations in Paragraph 149. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

150.    Defendants deny the allegations in Paragraph 150. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

*Cameron*

151.    Defendants deny the allegations in Paragraph 151. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

152.    Defendants deny the allegations in Paragraph 152. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

153.    Defendants deny the allegations in Paragraph 153. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

154.    Defendants deny the allegations in Paragraph 154. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

155.    Defendants deny the allegations in Paragraph 155. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

156.    Defendants deny the allegations in Paragraph 156. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

157.    Defendants deny the allegations in Paragraph 157. Defendants affirmatively allege that Plaintiffs' addition of these facts is after the Rule 16 deadline to amend and untimely.

///

///

///

1

**MPD Conduct After Excessive Force and Killing of Shawn[5]**

2       158.    In answering Paragraph 158, Defendants deny the allegations to any claims

3  of conduct related to non parties Woodward and Stefick as no claims can be based upon

4  these allegations. Defendants admit that a drone was flown into the apartment to attempt to

5  determine if the decedent was playing possum and attempting to ambush the officers. The

6  view of the decedent was obstructed by a door that had fallen over him (which decedent

7  ripped off the hinges at some point) and by the fact that he was lying face down.

8       159.    In answering Paragraph 159, Defendants deny the allegations as all

9  Defendants mentioned in this paragraph have been removed from this litigation and no

10  claims can be based upon these allegations. Defendants admit that Officer Mask attempted

11  to deploy a K9, who did not bite, as officers were concerned that the decedent was playing

12  possum and attempting to ambush officers.

13       160.    In answering Paragraph 163, Defendants admit the allegations in sentence 1.

14  The allegations in sentence 2 related to an officer who is no longer a defendant.

15

**THE COVER-UP BEGINS[6]**

16       161.    Defendants admit the allegations in Paragraph 161. Defendants affirmatively

17  allege that the allegations are untimely as they are made after the Rule 16 deadline to amend

18  expired.

19       162.    Defendants admit the allegations in Paragraph 162. Defendants affirmatively

20  allege that the allegations are untimely as they are made after the Rule 16 deadline to amend

21  expired.

22       163.    The allegations in Paragraph 163 are improper and harassment, and as a

23  result, require no response from these Defendants. Defendants affirmatively allege that the

24  allegations are untimely as they are made after the Rule 16 deadline to amend expired.

25

26

27       [5] Defendants deny excessive force.

28       [6] Defendants deny all allegations of any cover-up.

164.    Defendants admit the allegations in Paragraph 164. Defendants affirmatively allege that the video footage from the interior of the residence did not depict their viewpoint. Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

165.    Defendants deny the allegations in Paragraph 165. Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

166.    Defendants deny the allegations in Paragraph 166 as they mischaracterize Defendant Freeman's statements. Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired

167.    In answering Paragraph 167, Defendants deny that they reasonably believed that no rounds were fired by Shawn.  Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired

168.    Defendants deny the allegations in Paragraph 168. Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

169.    In answering Paragraph 169, Defendants admit only that Defendant Chuey gave a statement and do not dispute the statement that is reflected on the recording. The statement itself is the best evidence not Plaintiffs' summary of the statement that does not accurately reflect the context.  Defendants affirmatively allege that flashes are documented on the helicopter video and that Chuey had a reasonable belief that the flashes represented muzzle flash. Defendants affirmatively allege that no shots fired by Defendant Chuey, as described in this paragraph, hit the decedent or caused any injury. Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

170.    Defendants deny the allegations in Paragraph 170. Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

171.    In answering Paragraph 171, Defendants admit only that Defendant Goodrich gave a statement and do not dispute the statement that is reflected on the recording. The statement itself is the best evidence not Plaintiffs' summary of the statement that mischaracterizes what was stated.  Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

172.    In answering Paragraph 172, Defendants admit only that Defendant Harris gave a statement and do not dispute the statement that is reflected on the recording. The statement itself is the best evidence not Plaintiffs' summary of the statement that mischaracterizes what was stated.  Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

173.    In answering Paragraph 173, Defendants admit only that Defendant Harris gave a statement and do not dispute the statement that is reflected on the recording. The statement itself is the best evidence not Plaintiffs' summary of the statement that mischaracterizes what was stated.  Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

174.    In answering Paragraph 174, Defendants admit only that Defendant Navarro gave a statement and do not dispute the statement that is reflected on the recording. The statement itself is the best evidence not Plaintiffs' summary of the statement that mischaracterizes what was stated.  Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

175.    In answering Paragraph 175, Defendants admit only that Defendant Thomas gave a statement and do not dispute the statement that is reflected on the recording. The statement itself is the best evidence not Plaintiffs' summary of the statement that mischaracterizes what was stated.  Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

176.    In answering Paragraph 176, Defendants admit only that Defendant Brown gave a statement and do not dispute the statement that is reflected on the recording. The statement itself is the best evidence not Plaintiffs' summary of the statement that

mischaracterizes what was stated.  Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

177.    In answering Paragraph 177, Defendants admit only that Defendant Cameron gave a statement and do not dispute the statement that is reflected on the recording. The statement itself is the best evidence not Plaintiffs' summary of the statement that mischaracterizes what was stated.  Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

178.    The allegations in Paragraph 178 are vague as to time frame and Defendants deny the allegations as a result. Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

179.    Defendants deny the allegations in Paragraph 179. Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

180.    Defendants admit the allegations in Paragraph 180 and affirmatively allege that Widmer is not a defendant. Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

181.    Defendants admit the allegations in Paragraph 181 and affirmatively allege that Widmer is not a defendant.  Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired.

182.    Defendants deny the allegations in Paragraph 182 and affirmatively allege that Widmer is not a defendant. Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired

183.    Defendants deny the allegations in Paragraph 183 based upon their reasonable belief at the time. Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired

184.    Defendants deny the allegations in Paragraph 184 and affirmatively allege that Widmer is not a defendant. Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired

185.   Defendants deny the allegations in Paragraph 185 and affirmatively allege that Widmer is not a defendant. Defendants affirmatively allege that the allegations are untimely as they are made after the Rule 16 deadline to amend expired

## MESA POLICE DEPARTMENT HAS A LONG HISTORY OF CIVIL SUITS AND SETTLEMENTS FOR CONSTITUTIONAL VIOLATIONS

186.   The allegations in Paragraph 186 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

187.   The allegations in Paragraph 187 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

188.   The allegations in Paragraph 188 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

189.   The allegations in Paragraph 189 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

190.   The allegations in Paragraph 190 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

191.   The allegations in Paragraph 191 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

192.   The allegations in Paragraph 192 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

193.    The allegations in Paragraph 193 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

194.    The allegations in Paragraph 194 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

195.    The allegations in Paragraph 195 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

196.    The allegations in Paragraph 196 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

197.    The allegations in Paragraph 197 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

198.    The allegations in Paragraph 198 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

199.    The allegations in Paragraph 199 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

200.    The allegations in Paragraph 200 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

201.    The allegations in Paragraph 201 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

202.    The allegations in Paragraph 202 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

203.    The allegations in Paragraph 203 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

204.    The allegations in Paragraph 204 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

205.    The allegations in Paragraph 205 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

206.    The allegations in Paragraph 206 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

207.    The allegations in Paragraph 207 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

208.    The allegations in Paragraph 208 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

209.    The allegations in Paragraph 209 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

210.    The allegations in Paragraph 210 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

211.    The allegations in Paragraph 211 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

212.    The allegations in Paragraph 212 are not directed to these answering Defendants and no response is required. To the extent a response is required, Defendants deny the same.

<u>**COUNT I**</u>

**<u>EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983</u>**

***(All Named Defendants)***

213.    The allegations in Paragraph 213 do not call for a response from these answering Defendants.  To the extent a response is required, Defendants deny the same. Defendants Orr and Adair have filed a Motion to Dismiss this claim.

214.    Defendants deny the allegations in Paragraph 214.

215.    Defendants deny the allegations as written in Paragraph 215 as they call for a legal conclusion. The decedent's rights were to be balanced by the risk of harm he posed to the community and to other officers by virtue of his criminal conduct perpetrated against his girlfriend and neighbor, his resistance to officers' attempts to resolve the situation, his homicidal threats, and his actions in pacing through the apartment and shooting rounds at officers.

216.    Defendants admit the allegations in Paragraph 216 as to intoxication only and lack sufficient information to form a belief as to the truth of the allegations of which bullets hit the decedent.  Defendants affirmatively allege that by virtue of his intoxication, the decedent was more dangerous.

217.    Defendants deny the allegations in Paragraph 217.  Defendants affirmatively allege that decedent was at a position of advantage from his elevated position, was heavily armed with multiple weapons and ammunition, and utilized the tinfoil windows to cover his

actions. The responding patrol officers' ballistic vests were not rated to stop ammunition from decedent's firearms.

218.    Defendants deny the allegations in Paragraph 218

219.    Defendants deny the allegations in Paragraph 219. Defendants affirmatively allege that the Defendants never had knowledge that the decedent was unarmed and, if he was, it was a reasonable mistake of fact given: (1) decedent's homicidal threats and statements; (2) decedent and other witnesses confirmation that he was heavily armed; (3) decedent fired a weapon in the air previously that night; (4) decedent came to the door with a rifle in his hand; (5) officers and third-party witnesses saw the decedent with a rifle in his hand before he was shot; (6) there was blood on the AK-47 rifle demonstrating that the decedent had it in close proximity to himself at the time he was shot; (7) the officers reasonably believed decedent fired shots at officers; and (8) a magazine was found near the decedent at the bottom of the stairway. *See* Doc. 63, at Exs. 2, 3, 7, 11, 12, 13.

220.    Defendants deny the allegations in Paragraph 220.  Defendants affirmatively allege that the apartments had not been cleared and that the range of the decedent's rifles directly disputes this allegation. The range of the decedent's rifles was hundreds of yards.

221.    Defendants deny the allegations in Paragraph 221.

222.    Defendants deny the allegations in Paragraph 222.

223.    The allegations in Paragraph 223 call for multiple legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

224.    Defendants deny the allegations in Paragraph 224.

225.    In answering Paragraph 225, Defendants admit that one or more of the six shots that hit the decedent caused his death. Defendants deny that any actions by Orr or Adair caused the decedent's death.  Defendants further deny that non-fatal and missed shots caused the decedent's death.

226.    The allegations in Paragraph 226 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the same.

227.    The allegations in Paragraph 227 call for a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the same.

228.    Defendants deny the allegations in Paragraph 228.

229.    Defendants deny the allegations in Paragraph 229.

230.    Defendants deny the allegations in Paragraph 230.

231.    Defendants deny the allegations in Paragraph 231.

232.    In answering Paragraph 232, the allegations do not call for a response from these answering Defendants. To the extent a response is required, Defendants deny the same.  Defendants deny that the Estate is entitled to consortium damages, grief, sorrow, or anguish as these are non-recoverable wrongful death damages.

## COUNT II

### EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983 – Monell – POLICY, CUSTOM, PATTERN, AND PRACTICE

#### *(Defendant City of Mesa)*

233.    The allegations in Paragraph 233 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

234.    The allegations in Paragraph 234 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

235.    The allegations in Paragraph 235 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

236.    The allegations in Paragraph 236 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

237.    The allegations in Paragraph 237 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

238.    The allegations in Paragraph 238 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

239.    The allegations in Paragraph 239 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

240.    The allegations in Paragraph 240 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

241.    The allegations in Paragraph 241 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

242.    The allegations in Paragraph 242 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

243.    The allegations in Paragraph 243 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

244.    The allegations in Paragraph 244 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

245.    The allegations in Paragraph 245 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

246.    The allegations in Paragraph 246 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

247.    The allegations in Paragraph 247 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

248.    The allegations in Paragraph 248 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

249.    The allegations in Paragraph 249 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

250.    The allegations in Paragraph 250 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

251.    The allegations in Paragraph 251 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

252.    The allegations in Paragraph 252 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

253.    The allegations in Paragraph 253 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

254.    The allegations in Paragraph 254 were removed.

255.    The allegations in Paragraph 255 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

256.   The allegations in Paragraph 256 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

257.   The allegations in Paragraph 257 do not call for an answer from these Answering Defendants. To the extent a response is required, Defendants deny the same. Defendant City of Mesa has filed a Motion to Dismiss.

258.   Defendants deny the allegations in Paragraph 258.

<u>**COUNT III**</u>

**<u>ASSAULT/AGGRAVATED ASSAULT/WRONGFUL DEATH</u>**

***(Officer Defendants)***

259.   The allegations in Paragraph 259 do not call for a response from these answering Defendants. To the extent a response is required, Defendants deny the same.

260.   The allegations in Paragraph 260 call for a legal conclusion for which no response is required. Defendants deny liability. Defendants affirmatively allege that they will seek attorney fees and costs pursuant to A.R.S. § 12-716 and A.R.S. 13-420 if they succeed in proving justification.

261.   The allegations in Paragraph 261 call for a legal conclusion for which no response is required. Defendants deny liability and affirmatively allege that their force was privileged and justified. Defendants further affirmatively allege that any shots fired that did not hit the decedent do not meet the requirements for assault.

262.   The allegations in Paragraph 262 call for a legal conclusion for which no response is required. Defendants deny liability and affirmatively allege that their force was privileged and justified. Defendants further affirmatively allege that any shots fired that did not hit the decedent do not meet the requirements for assault.

263.   Defendants deny the allegations in Paragraph 263.

264.   Defendants deny the allegations in Paragraph 264.

265.   Defendants deny the allegations in Paragraph 265.

266.   Defendants deny the allegations in Paragraph 266.

267.    Defendants deny the allegations in Paragraph 267.

268.    Defendants deny the allegations in Paragraph 268.  Defendants deny that there is any evidence that the decedent provided any financial or economic support to the Plaintiffs.

## COUNT IV

### (Negligent Hiring, Training, and Supervision)

#### (Defendant City of Mesa)

269.    The allegations contained in Paragraph 269 are not directed at these answering Defendants. To the extent a response is required, Defendants deny the same.

270.    Defendants deny the allegations in Paragraph 270.

271.    Defendants deny the allegations in Paragraph 271.

272.    Defendants deny the allegations in Paragraph 272.

273.    Defendants deny the allegations in Paragraph 273.

274.    Defendants deny the allegations in Paragraph 274.

275.    Defendants deny the allegations in Paragraph 275.

## COUNT V

### (Loss of Consortium)

#### (All Named Defendants Caused Plaintiffs' Loss of Consortium)

276.    Defendants deny the allegations in Paragraph 276.

277.    Defendants deny the allegations in Paragraph 277.

278.    Defendants deny the allegations in Paragraph 278.

279.    Defendants deny the allegations in Paragraph 279.

280.    Defendnats deny the allegations in Paragraph 280.

281.    Defendants deny the allegations in Paragraph 281.

## AFFIRMATIVE DEFENSES

Defendants set forth the following defenses to Plaintiffs' Complaint. Some of the defenses outlined below are true affirmative defenses (on which Defendants would bear the burden of proof or burden of production), other defenses are outlined for the purpose of

39

placing the Plaintiffs on notice of the legal defenses that Defendants will assert for the purpose of allowing Plaintiffs to fully evaluate their claims as this relates to any future request, by Defendants, for attorneys' fees for any claim that is subject to dismissal by the Court:

1.    Defendants incorporate, by reference, the legal defenses set forth in their Motions to Dismiss.

2.    Discovery may reveal that Plaintiffs failed to comply with service and substantive requirements of A.R.S. § 12-821.01, the Notice of Claim statute.

3.    Plaintiffs bear the burden of establishing that there is case law clearly establishing the law for the purposes of qualified immunity on the federal claims and have not identified any factually similar case law.

4.    Fictitious defendants are not permitted in federal court and should be dismissed.

5.    Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

6.    The decedent was solely or comparatively at fault for the injuries and damages alleged in the Complaint, thereby barring or reducing any recovery herein by way of comparative negligence.

7.    Defendants allege the immunities set forth in A.R.S. §§ 12-711, 12-712, and 12-716, including all applicable attorneys' fees available under these sections.

8.    At all times set forth in the Complaint, the City and its officers acted reasonably, in good faith, without malice, and based upon probable cause, reasonable suspicion, and/or their community caretaking responsibilities.

9.    The officers' actions were objectively reasonable and conformed with their community caretaking obligations.

10.   The decedent constituted a direct threat to the community and officers.

11.   Plaintiffs may have failed to mitigate their damages, thus barring or reducing the recovery against Defendants.

12.     Arizona's survival statute precludes any federal claim for damages for any force that did not cause death.

13.     The decedent assumed the risk of injury, acted in direct and intentional violation of Arizona laws, and acted intentionally and knowingly, jeopardizing his safety and well-being.

14.     The doctrine of reasonable mistake of fact applies.

15.     The City of Mesa is not subject to liability under 42 U.S.C. § 1983 as Plaintiffs cannot prove any violations pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

16.     None of the City's training, supervision, or discipline/alleged failure to discipline was constitutionally deficient.

17.     Defendants deny that there were any constitutional or state law violations of the Defendant officers and, as a result, Plaintiffs cannot recover under Monell in the absence of a constitutional violation or under state law in the absence of underlying torts.

18.     Defendants allege that the decedent's flight/resistance/non-compliance/force/shots at officers was not justified, and any injuries sustained were the result of decedent's unlawful and/or unjustified actions.

19.     To the extent that Plaintiffs assert any punitive damages, such damages are barred by A.R.S. § 12-820.04 and *Smith v. Wade*, 416 U.S. 30 (1983); *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981); and *Lancaster Community Hospital v. Antelope valley Hospital District*, 940 F.2d 397 (9th Cir. 1991).

20.     Defendants are entitled to all privileges and immunities, including qualified immunity, extended to governmental employees and/or entities under federal law as described in *Hunter v. Bryant*, 112 S.Ct. 534 (1991) and *Saucier v. Katz*, 121 S.Ct. 2151 (2001).

21.     Defendants use of force was justified and privileged under Arizona's justification statutes, including A.R.S. Title 13, Section 400 et seq., including but not limited to §§ 13-403, 13-409, 13-410, 13-411, 13-413, and under *Graham v. Connor*, 490

U.S. 386 (1989) and *Scott v. Harris*, 550 U.S. 372 (2007). To the extent found justified under state law, A.R.S. § 13-420 provides for attorneys' fees and all costs to the prevailing Defendants.

22.    Plaintiffs may not assert any claims against any Defendants who did not use force.

23.    Plaintiffs have not alleged any personal participation arising to liability for any Defendants who did not use force.

24.    *Ryan v. Napier* and A.R.S. § 12-820.05 bar the claims alleged against the City.

25.    A.R.S. § 13-4110 and 12-611 bar Plaintiffs' claims for loss of consortium before death as asserted in Count Five.

26.    The decedent acted to commit suicide-by-cop.

27.    Defendant puts Plaintiffs on notice that further affirmative defenses may be added in an amended answer after discovery. These defenses may include any defense set forth in Rule 8(d) and/or Rule 12(b) of the Federal Rules of Civil procedure, or as otherwise allowed by law

WHEREFORE, having fully answered Plaintiffs' Third Amended Complaint, Defendants deny that Plaintiffs are entitled to any relief, including but not limited to the recovery of compensatory damages, punitive damages, or any other type of damages, deny that Plaintiffs are entitled to recover any legal fees or costs, and requests that judgment be entered in favor of Defendants and against Plaintiffs, that the Defendants be awarded all relief they are entitled under the law, including but not limited to attorneys' fees and costs under A.R.S. § 12-349, 42 U.S.C. § 1988, and 28 U.S.C. § 1927.

///

///

///

1    DATED this 12th day of September, 2025.

2                                    **WIENEKE LAW GROUP, PLC**

3                       By:    */s/ Christina Retts*
                                   Kathleen L. Wieneke
4                                  Christina Retts
                                   Rebekah K. Browder
5                                  1225 West Washington Street, Suite 313
6                                  Tempe, Arizona 85288
                                   *Attorneys for Defendants City of Mesa, Adair,*
7                                  *Brown, Cameron, Chuey, Freeman, Goodrich,*
                                   *Harris, Navarro, Orr, and Thomas*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

43

1

<u>**CERTIFICATE OF SERVICE**</u>

2      I hereby certify that on September 12, 2025, I electronically transmitted the attached

3  document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4  Notice of Electronic Filing to the following CM/ECF registrants:

5      Sean A. Woods
       Robert T. Mills
6      Mills + Woods Law, PLLC
       5055 North 12th Street, Suite 101
7      Phoenix, Arizona 85014
8      *Attorneys for Plaintiffs*

9      I hereby certify that on this same date, I served the attached document by U.S. Mail,

10 postage prepaid, on the following, who is not a registered participant of the CM/ECF

11 System:

12     N/A

13

14                                       By:    */s/ Lauren Rasmussen*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

44