1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Christopher Gagne, in his capacity as the Personal Representative of the Estate of Shawn Taylor Gagne; Christopher and Suzette Gagne, husband and wife, as the surviving parents of decedent Shawn Gagne,

Plaintiffs,

vs.

City of Mesa, a political subdivision of the State of Arizona; Matthew Harris, in his individual capacity and in his capacity as a police officer; Kyle Thomas, in his individual capacity and in his capacity as a police officer; Shawn Freeman, in his individual capacity and in his capacity as a police officer; Matt Brown, in his individual capacity and in his capacity as a police officer; Kyle Cameron, in his individual capacity and in his capacity as a police officer; Matthew Chuey, in his individual capacity and in his capacity as a police officer; Robert Goodrich, in his individual capacity and in his capacity as a police officer; Alejandro Navarro, in his individual capacity and in his capacity as a police officer; Matthew Adair, in his individual capacity and in his capacity as a police officer; Christopher Orr, in his individual capacity and in his capacity as a police officer; ABC Partnerships I-X; XYZ Corporations I-X; John Does I-X and Jane Does I-X,

Defendants.

NO. 2:24-cv-01337-DJH

**STIPULATED AND PROPOSED PROTECTIVE ORDER**

The Court understands that the parties consider certain documents and information ("Materials" as defined herein) being sought through discovery in the above-captioned matter as confidential. The parties agree to be bound by the terms of this Protective Order

("order") in this action to facilitate document production and disclosure, and to protect the respective interests of the parties in their confidential information. This order shall remain in effect unless modified pursuant to the terms contained in this order.

Accordingly,

**IT IS ORDERED** that the parties' stipulation (Doc. __) is **GRANTED** and the following provisions shall be enforced.

The following Definitions apply in this order:

A.    The term "**Confidential Information**" means information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party.

B.    The term "**Materials**" includes, but is not limited to: documents; correspondence; memoranda; financial information; emails; specifications; marketing plans; marketing budgets; customer information; materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; sketches; drawings; notes of discussions with non-parties; other notes; business reports; instructions; disclosures; other writings; records of website development; and internet archives.

C.    The term "**Counsel**" means outside counsel of record throughout the litigation, including attorneys, paralegals, secretaries, and support staff employed in the office(s) of outside counsel, as well as any e-discovery vendors subject to confidentiality obligations in connection with their service to outside counsel in this action.

The following provisions apply in this action:

1.    Each party to this action that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony,

and/or transcripts of trial testimony and depositions that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY."

(a)    Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good-faith belief of such party and its Counsel, the unrestricted disclosure of such information could be harmful to the business or operations of such party, or if the information is subject to the party's or subject's reasonable expectation of privacy or confidentiality under federal, state, or other law or rule.

(b)    Designation as "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good-faith belief of such party and its Counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential data related to research, development, finances, or customers.

(c)    The designating party must affix the appropriate designation to each page that contains Confidential Information subject to the terms of this order. In the case of electronically stored information produced in native format, the designation must be included in the file or directory name. In the case of electronically stored information produced on removable media (i.e., thumb drive, DVD, or other removable storage device), Materials that contain Confidential Information subject to this order must be segregated and produced separately from Materials not subject to this order, and the appropriate confidentiality designation is to be affixed to the media on which the Materials that contain Confidential Information are stored.

2.    In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

3.    Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party:

(a)    The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this order. Such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings. A party will have until 30 days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY."

(b)    Prior to the disclosure of Confidential Information, the disclosing party will have the right to exclude from attendance at the deposition any person other than the deponent, Counsel (including their staff and associates), the court reporter, and person(s) agreed upon by the parties, subject to the limitations in the Court's Case Management Order for deposition attendance.

(c)    The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY," as appropriate, and the

original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this order, and protected from being opened except by order of this Court.

4.   All Confidential Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this order, must be handled in the manner set forth below, and must not be used for any purpose other than in connection with this action, unless and until such designation is removed either by agreement of the parties or by order of the Court.

5.   Information designated "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" may be viewed only by:

(a)   Counsel (as defined in paragraph C, above) of the receiving party;

(b)   Independent experts and stenographic and clerical employees associated with such experts, subject to the procedure set forth in Paragraph 6. Prior to receiving any Confidential Information of the producing party, the expert must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such agreements;

(c)   The Court and any Court staff and administrative personnel;

(d)   Any court reporter or videographer employed in this action and acting in that capacity; and

(e)   Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action.

6.    Procedures for Approving or Objecting to disclosure of "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" Materials:

(a)    Unless otherwise ordered by the court or agreed to in writing by the designating party, a party that seeks to disclose to an expert any information or item that has been designated "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" pursuant to Paragraph 5(b) first must make a written request to the designating party that: (i) identifies the specific "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" information that party seeks permission to disclose to the expert, (ii) sets forth the full name of the expert and the city and state of his or her primary residence, (iii) attaches a copy of the expert's current resume or curriculum vitae, (iv) identifies the expert's current employer(s), (v) identifies each person or entity from whom the expert has received compensation or funding for work in his or her area(s) of expertise or to whom the expert has provided professional services, including in connection with litigation, at any time during the preceding five years,  and (vi) to the extent it is practicable for the expert to do so, identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert has provided any professional services including, but not limited to, offering expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)    A party that makes a request and complies with Paragraph 6(a) may disclose the subject Materials to the identified expert on the 11th day after the request is made unless, within ten (10) days of delivering the request (unless otherwise agreed to by Counsel), the party receives a written objection from the designating party. If the designating party

so approves, the party making the request may disclose the subject Materials to the identified expert earlier than the 11th day after the request is made. Any such objection from the designating party must set forth in detail the grounds on which it is based.

(c)     A party that receives a timely written objection must meet and confer with the designating party (through direct voice-to-voice dialogue) to try to resolve the matter by agreement within 5 days of the written objection (unless otherwise agreed to by Counsel). If no agreement is reached, the party seeking to make the disclosure to the expert may file a motion seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the designating party for its refusal to approve the disclosure. In any such proceeding, the party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the need to disclose the Materials to the expert.

7.     Information designated "CONFIDENTIAL" may be viewed only by the individuals listed in paragraph 5, above, and by the additional individuals listed below:

(a)     Party principals or executives who are required to participate in policy decisions with reference to this action;

(b)     Technical personnel of the parties with whom Counsel for the parties find it necessary to consult in preparation for trial of this action; and

(c)    Stenographic and clerical employees associated with the individuals identified above.

8.    All information that has been designated as "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this order may retain custody of copies as necessary for their participation in this action, but only during the course of this action. The principals, employees, or other agents of the parties who received information prior to and apart from this action that was subsequently disclosed in this action as being either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" may also retain copies of that information as is necessary.

9.    If a party wishes to file a document that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY," or if a party wishes to refer in a motion or other filing to information so designated by another party, the parties must comply with the following procedures which differ from those set forth in Local Rule 5.6. The party wishing to file or refer to information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" must confer with the designating party about the need to file the document under seal and whether the parties can agree on a stipulation seeking to have the document filed under seal. If the parties are unable to agree, the party that does not believe the document should be filed under seal must file a "Notice of Intent to File Publicly" and lodge the documents under seal. (Section II(J)(1) of the Electronic Case Filing Administrative Policies and Procedures Manual explains how this filing must be completed.) The opposing party must then file a motion to seal. Every motion to seal, including stipulations, must identify the legal standard applicable to the document at issue and explain why the material sought to be sealed meets that standard. "Compelling reasons" must be shown where the motion or document is more than tangentially related to the merits of the case and "good cause" must be shown for other

motions or documents. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The party that does not believe the material should be filed under seal may file a response. No reply is allowed. If no motion to seal is filed, the lodged motion or documents will be filed on the public docket. Additionally, a party referencing information that may be sealed shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if the party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. No portion of the trial of the matter shall be conducted under seal. Nothing in this order shall be construed as automatically permitting a party to file under seal. Furthermore, the mere fact the parties have designated certain materials or information as confidential pursuant to an agreement or stipulation does not establish that the legal standard for placing those materials or information under seal has been met.

10.    Confidential Information and Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" shall be used solely for the prosecution or defense of this action. A party that wishes to use Confidential Information and/or Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" for a purpose other than the prosecution or defense of this action must request permission, in writing, from Counsel for the producing party. The receiving party's request must identify the Confidential Information and/or Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" that the receiving party wishes to use and must identify the purpose for using it. If the parties cannot resolve the question of whether the receiving party can use Confidential Information and/or Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" for a purpose other than the prosecution or defense of this action within fourteen days of the producing party's receipt of such a request, the receiving party may move the Court for a ruling on the receiving party's request. In the event any party files a motion seeking to use Confidential Information and/or Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" for a

purpose other than the prosecution or defense of this action, the Confidential Information and/or Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" shall be submitted to the Court, under seal, for an in-camera inspection. Any Confidential Information and/or Materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY" at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the motion or the matter has been otherwise resolved.

11.    At any stage of these proceedings, any party may object to a designation of confidentiality. The party objecting to confidentiality must submit written objections and the grounds for the objections to Counsel for the producing party. If the dispute is not resolved within fourteen days of receipt of objections, the objecting party may move the Court for a ruling on the objection. In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved.

12.    At any stage of these proceedings, any party may request that it be permitted to disclose Materials designated as Confidential Information to individuals not permitted by this order to view such Materials. The party must submit to Counsel for the producing party a written notice identifying the relevant Materials and the individuals to whom the party wishes to disclose the Materials. If the request is not resolved within fourteen days of receipt of such a request, the requesting party may move the Court for a ruling allowing such disclosure. If any party files a motion requesting such disclosure, the Materials shall be submitted to the Court, under seal, for an in-camera inspection. The Materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the request.

13.    All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information has not been disclosed prior to

and apart from this action, it must be used only for purposes of this action. If the Confidential Information was exchanged between the parties prior to and apart from this action for purposes of conducting their respective businesses, the parties may continue to use that otherwise Confidential Information for that purpose. The parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this action. In addition, counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

14.    No party will be responsible to another party for disclosure of Confidential Information under this order if the information in question is not labeled or otherwise identified as such in accordance with this order.

15.    If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this order, the producing party may give written notice to the receiving party that the Materials produced are deemed Confidential Information, and that the Materials produced should be treated as such in accordance with that designation under this order. The receiving party must treat the Materials as confidential once the producing party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR COUNSEL ONLY – SUBJECT TO PROTECTIVE ORDER."

16.    Nothing within this order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

17.    Nothing in this order will bar Counsel from rendering advice to their clients with respect to this action and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

18.    This order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

19.    Information designated Confidential pursuant to this order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

20.    Nothing in this Confidentiality order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

21.    Within 30 days of the final termination of this action, including any and all appeals, Counsel for each party must purge all Confidential Information from all machine-

readable media on which it resides and must either (a) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy it. With respect to paper copies, return or destruction of Confidential Information is at the option of the producing party. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this order with respect to all such retained information, after the conclusion of this action. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this order with respect to all such retained information after the conclusion of this action. Counsel for any party that has received Confidential Information must certify compliance with this paragraph, in writing, to the producing party.

22.    The restrictions and obligations set forth within this order do not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of a violation of this order.

23.    Transmission by e-mail, facsimile, or other reliable electronic means is acceptable for all notification purposes within this order.

24.    This order may be modified by agreement of the parties, subject to approval by the Court.

25.    The Court may modify the terms and conditions of this order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

26.    After termination of this action, the provisions of this order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties

and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this order following termination of this action.

DATED: _____

_____
Honorable Sharad H. Desai
United States District Judge

Approved as to form by:

DATED this 21st day of October, 2025.

**WIENEKE LAW GROUP, PLC**

By:     */s/ Rebekah K. Browder*_____
Kathleen L. Wieneke
Christina Retts
Rebekah K. Browder
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
*Attorneys for Defendants City of Mesa, Adair, Brown, Cameron, Chuey, Freeman, Goodrich, Harris, Navarro, Orr, and Thomas*

And

**Mills + Woods Law, PLLC**

By:     */s/ Sean A. Woods (with permission)*
Sean A. Woods
Robert T. Mills
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiffs*

14

1
2
3
4
5

**EXHIBIT A**

6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

| | |
|---|---|
| Christopher Gagne, in his capacity as the Personal Representative of the Estate of Shawn Taylor Gagne; Christopher and Suzette Gagne, husband and wife, as the surviving parents of decedent Shawn Gagne, | NO. 2:24-cv-01337-DJH |
| Plaintiffs, | **AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |
| vs. | |
| City of Mesa, a political subdivision of the State of Arizona; Matthew Harris, in his individual capacity and in his capacity as a police officer; Kyle Thomas, in his individual capacity and in his capacity as a police officer; Shawn Freeman, in his individual capacity and in his capacity as a police officer; Matt Brown, in his individual capacity and in his capacity as a police officer; Kyle Cameron, in his individual capacity and in his capacity as a police officer; Matthew Chuey, in his individual capacity and in his capacity as a police officer; Robert Goodrich, in his individual capacity and in his capacity as a police officer; Alejandro Navarro, in his individual capacity and in his capacity as a police officer; Matthew Adair, in his individual capacity and in his capacity as a police officer; Christopher Orr, in his individual capacity and in his capacity as a police officer; ABC Partnerships I-X; XYZ Corporations I-X; John Does I-X and Jane Does I-X, | |
| Defendants. | |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

26    I, _____, declare and say that:

27    1.    I am employed as _____ by

28    _____.

2.     I have read the Stipulated Protective order (the "order") entered in _____ and have received a copy of the order.

3.     I promise that I will use any and all "Confidential" or "Highly Confidential – For Counsel Only" information, as defined in the order, given to me only in a manner authorized by the order, and only to assist Counsel in the litigation of this matter.

4.     I promise that I will not disclose or discuss such "Confidential" or "Highly Confidential – For Counsel Only" information with anyone other than the persons authorized to receive such information by the order.

5.     I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the order.

6.     I understand that any disclosure or use of "Confidential" or "Highly Confidential – For Counsel Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7.     I will return all "Confidential" or ""Highly Confidential – For Counsel Only" Materials (as defined in the order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within "Confidential" or "Highly Confidential – For Counsel Only" Materials.

I declare under penalty of perjury that the foregoing is true and correct.


Date: _____             _____

                                               Signature