Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
Rebekah K. Browder, Bar #024992
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: cretts@wienekelawgroup.com
Email: rbrowder@wienekelawgroup.com

*Attorneys for Defendants City of Mesa,
Adair, Brown, Cameron, Chuey, Freeman,
Goodrich, Harris, Navarro, Orr, and Thomas*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Christopher Gagne, in his capacity as the Personal Representative of the Estate of Shawn Taylor Gagne; Christopher and Suzette Gagne, husband and wife, as the surviving parents of decedent Shawn Gagne,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Mesa, a political subdivision of the State of Arizona; Matthew Harris, in his individual capacity and in his capacity as a police officer; Kyle Thomas, in his individual capacity and in his capacity as a police officer; Shawn Freeman, in his individual capacity and in his capacity as a police officer; Matt Brown, in his individual capacity and in his capacity as a police officer; Kyle Cameron, in his individual capacity and in his capacity as a police officer; Matthew Chuey, in his individual capacity and in his capacity as a police officer; Robert Goodrich, in his individual capacity and in his capacity as a police officer; Alejandro Navarro, in his individual capacity and in his capacity as a police officer; Matthew Adair, in his individual capacity and in his capacity as a police officer; Christopher Orr, in his individual capacity and in his capacity as a police officer; ABC Partnerships I-X; XYZ Corporations I-X; John Does I-X and Jane Does I-X,<br><br>                              Defendants. | NO. 2:24-cv-01337-SHD<br><br>**STIPULATION FOR ORDER FOR ARIZONA DEPARTMENT OF CHILD SAFETY RECORDS** |

Pursuant to A.R.S. §§ 36-568.01 and 8-807, the parties request an Order from the Court allowing the release of the complete and unredacted copies of confidential files, records, and information maintained by the State of Arizona regarding the decedent, Christopher Gagne, and his parents, Suzette Gagne and Shawn Taylor Gagne, including, but not limited to, any Arizona Department of Child Safety ("DCS")[1] file, agency records, and law enforcement records (collectively, "DCS records"). Due to the potentially sensitive nature of the documents, the parties also request that these records be produced pursuant to the contemporaneously filed Protective Order. The parties agree that the documents produced will be held as confidential under the Protective Order.

## I.  FACTS

This case arises out of the fatal shooting of Shawn Gagne by Mesa Police in July 2023. Plaintiff Christopher Gagne is the surviving father of the decedent and the personal representative of Shawn Gagne's estate. The Plaintiffs, parents of Shawn Gagne, Christopher and Suzette Gagne, sued the Mesa Police Department and involved Mesa Police SWAT and Officers for multiple claims, including excessive force, wrongful death, negligent hiring, training, and supervision, as well as loss of consortium for the death of Shawn Gagne.

## II.  LEGAL ARGUMENT

### A.  Arizona Law Authorizes Production of CPS Records

Arizona law allows a party to petition the Court for an order directing DCS to produce records. Files and record relating to investigations conducted by DCS are confidential and may be released as permitted by A.R.S. § 8-807. *See* A.R.S. § 36-568.01. A.R.S. § 8-807(K) provides that:

> The department or a person who is not specifically authorized by this section to obtain DCS information may petition a judge of the superior court to order the department to release DCS information. The plaintiff shall provide notice to the county attorney and to the attorney and guardian ad litem for the child, who have standing and may participate in the action. The court

---

[1] Formerly known as Arizona Child Protective Services.

>shall review the requested records in camera and shall balance the rights of the parties who are entitled to confidentiality pursuant to this section against the rights of the parties who are seeking the release of the DCS information. The court may release otherwise confidential DCS information only if the rights of the parties seeking the DCS information and any benefits from releasing the DCS information outweigh the rights of the parties who are entitled to confidentiality and any harm that may result from releasing the DCS information. The court shall take reasonable steps to prevent any clearly unwarranted invasions of privacy and protect the privacy and dignity of victims of crime pursuant to article II, section 2.1, subsection C, Constitution of Arizona.

### B. The DCS Records May be Disclosed Pursuant to Court Order

DCS had pre-incident contacts with the decedent and his family. As Plaintiffs seek damages for wrongful death, including emotional pain and suffering, and loss of consortium, these records are directly relevant to Plaintiffs' damages and are, therefore, necessary to the Defendants' defenses and discoverable.[2] *See* Fed. R. Civ. P. 26(b)(1) (permitting a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,…"). Additionally, under A.R.S. § 36-568.01, DCS must release records if ordered by a court.

Because Plaintiffs' DCS records are relevant and discoverable, any statutory interest in confidentiality does not outweigh the litigants' interest in production of the documents, particularly where a strong protective order is in place. Pursuant to 42 U.S.C. § 5106a(b)(2)(B)(viii)(V), confidential records shall be made available to a court "upon a finding that information in the record is necessary for the determination of an issue before the court."

### C. The Protective Order Protects Privacy Interests

The Protective Order filed contemporaneously with this motion offers robust protections for the requested records. The Protective Order applies to confidential records released in this case and restricts their dissemination. *See* Rule 26(c); *Carr v. Monroe Mfg.*

---

[2] The legislature, in enacting A.R.S. § 8-807, did not make DCS privileged and immune from disclosure; rather, they made them "confidential" and subject to judicial review of whether disclosure of the information sought outweighs the rights of the parties entitled to confidentiality.

3

*Co.*, 431 F.2d 384, 390 (5th Cir. 1970) ("[A] trial court is duty-bound, where it orders production of documents in which there are strong policy reasons against public disclosure, to limit the availability and use of those documents and their contents by carefully drawn protective provisions.") With a protective order in place, any harm or potential prejudice to Plaintiffs that might flow from the disclosure of confidential DCS records is outweighed by the necessity of their use in this litigation.

### III.    CONCLUSION

The parties respectfully request that the Court enter an Order authorizing the release of complete and unredacted copies of the DCS file, including any and all DCS reports, investigative summaries, court records and reports, case plans, case notes, and video or audio recordings, pertaining to the decedent and his parents, Christopher and Suzette Gagne. These records would be subject to the Protective Order filed contemporaneously with this stipulation, as good cause exists under Rule 26(c) to protect the identities and privacy interests of the minors discussed in the records.

DATED this 21st day of October, 2025.

        WIENEKE LAW GROUP, PLC

By:   */s/ Rebekah K. Browder*
       Kathleen L. Wieneke
       Christina Retts
       Rebekah K. Browder
       1225 West Washington Street, Suite 313
       Tempe, Arizona 85288
       *Attorneys for Defendants City of Mesa, Adair, Brown, Cameron, Chuey, Freeman, Goodrich, Harris, Navarro, Orr, and Thomas*

MILLS + WOODS LAW, PLLC

By:   */s/ Sean A. Woods (with permission)*
       Robert T. Mills
       Sean A. Woods
       5055 North 12th Street, Suite 101
       Phoenix, Arizona 85014
       *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Sean A. Woods
Robert T. Mills
Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiffs*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

By: */s/ Lauren Rasmussen*