Kathleen L. Wieneke, Bar #011139
Christina Retts, Bar #023798
Rebekah K. Browder, Bar #024992
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: cretts@wienekelawgroup.com
Email: rbrowder@wienekelawgroup.com

*Attorneys for Defendants City of Mesa, Brown, Cameron, Chuey, Freeman, Goodrich, Harris, Navarro, and Thomas*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Christopher Gagne, in his capacity as the Personal Representative of the Estate of Shawn Taylor Gagne; Christopher and Suzette Gagne, husband and wife, as the surviving parents of decedent Shawn Gagne,

Plaintiffs,

vs.

City of Mesa, a political subdivision of the State of Arizona; Matthew Harris, in his individual capacity and in his capacity as a police officer; Kyle Thomas, in his individual capacity and in his capacity as a police officer; Shawn Freeman, in his individual capacity and in his capacity as a police officer; Matt Brown, in his individual capacity and in his capacity as a police officer; Kyle Cameron, in his individual capacity and in his capacity as a police officer; Matthew Chuey, in his individual capacity and in his capacity as a police officer; Robert Goodrich, in his individual capacity and in his capacity as a police officer; Alejandro Navarro, in his individual capacity and in his capacity as a police officer; Matthew Adair, in his individual capacity and in his capacity as a police officer; Christopher Orr, in his individual capacity and in his capacity as a police officer; ABC Partnerships I-X; XYZ Corporations I-X; John Does I-X and Jane Does I-X,

Defendants.

NO. 2:24-cv-01337-SHD

**DEFENDANT CITY OF MESA'S ANSWER TO COUNT 2 OF PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendant City of Mesa, for its Answer to Count 2 of Plaintiffs' Third Amended Complaint ("TAC"), denies each allegation contained in the TAC and each claim for relief which is not expressly admitted or otherwise pled to. Defendant City of Mesa previously filed a Partial Answer, Doc. 103. This Answer addresses those paragraphs that were not previously answered and were part of the City's Motion to Dismiss.

Defendant demands a jury trial on all triable issues.

**MESA POLICE DEPARTMENT HAS A LONG HISTORY OF CIVIL SUITS AND SETTLEMENTS FOR CONSTITUTIONAL VIOLATIONS**

186. Defendant denies the allegations in Paragraph 186.

187. In answering Paragraph 187, Defendant disputes the relevance of uses of force that are not similar and are not shootings (as set forth more fully in the Motion to Dismiss and the Court's Order ruling on the same). Pending cases do not establish notice. Defendant denies that CV-24-02181-0218-PHX-KLM is pending or that it involved a shooting. Defendant admits that *Carter v. Lawrence* is pending, but that it is dissimilar and that it involves a question of fact.

188. In answering Paragraph 188, Defendant disputes the relevance of uses of force that are not similar and are not shootings (as set forth more fully in the Motion to Dismiss and the Court's ruling on the same). The Court has determined that uses of force that are not shootings are not relevant to the *Monell* claim (lawsuits set forth in subsections a, b, and c). Defendant admits that the cases numbered CV-17-00152 and 2:24-cv-00642 settled but disputes the relevance of the settlements to establishing any constitutional violation or custom.

189. In answering Paragraph 189, Defendant disputes the relevance of uses of force that are not similar and are not shootings (as set forth more fully in the Motion to Dismiss and the Court's ruling on the same). The Court has determined that uses of force that are not shootings are not relevant to the *Monell* claim. The two lawsuits referenced do not involve shootings. Plaintiffs further misrepresent the Ninth Circuit's findings in *Spencer*

*v. Pew*, where the Court granted qualified immunity on the force that Plaintiffs allege was excessive. Defendant denies excessive force.

190. Defendant denies the allegations in Paragraph 190.

191. In answering Paragraph 191, Defendant disputes the relevance of uses of force that are not similar and are not shootings (as set forth more fully in the Motion to Dismiss and the Court's ruling on the same). The Court has determined that uses of force that are not shootings are not relevant to the *Monell* claim. Defendant denies excessive force.

192. In answering Paragraph 192, Defendant disputes the relevance of uses of force that are not similar and are not shootings (as set forth more fully in the Motion to Dismiss and the Court's ruling on the same). The Court has determined that uses of force that are not shootings are not relevant to the *Monell* claim. Defendant denies excessive force.

193. In answering Paragraph 193, Defendant disputes the relevance of uses of force that are not similar and are not shootings (as set forth more fully in the Motion to Dismiss and the Court's ruling on the same). The Court has determined that uses of force that are not shootings are not relevant to the *Monell* claim. Defendant denies excessive force and disputes the content of the news article.

194. Defendant denies the allegations in Paragraph 194.

195. In answering Paragraph 195, Defendant disputes the relevance of uses of force that are not similar and are not shootings (as set forth more fully in the Motion to Dismiss and the Court's ruling on the same). The Court has determined that uses of force that are not shootings are not relevant to the *Monell* claim. Defendant denies the remaining allegations.

196. Defendant denies the allegations in Paragraph 196.

197. Defendant denies the allegations in Paragraph 197.

198. Defendant admits the allegations in Paragraph 198 but denies the relevance and admissibility of settlements.

199. Defendant denies the allegations in Paragraph 199.

200. Defendant denies the allegations in Paragraph 200.

201. Defendant denies the allegations in Paragraph 201.

202. Defendant denies the allegations in Paragraph 202.

203. In answering Paragraph 203, Defendant denies the allegations as the Court has determined that uses of force that are not shootings are not relevant to the *Monell* claim.

204. In answering Paragraph 204, Defendant denies the allegations as the Court has determined that uses of force that are not shootings are not relevant to the *Monell* claim.

205. Defendant denies the allegations in Paragraph 205.

206. Defendant denies the allegations in Paragraph 206.

207. Defendant denies the allegations in Paragraph 207.

208. Defendant denies the allegations in Paragraph 208.

209. In answering Paragraph 209, Defendant denies the allegations as the Court has determined that uses of force that are not shootings are not relevant to the *Monell* claim.

210. Defendant denies the allegations in Paragraph 210.

211. In answering Paragraph 211, Defendant denies the allegations. Defendant denies that events occurring after the incident at issue in this litigation can be the moving force for the same.

212. Defendant denies the allegations in Paragraph 212.

## COUNT II

## EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983 – *Monell* – POLICY, CUSTOM, PATTERN, AND PRACTICE

*(Defendant City of Mesa)*

233. The allegations in Paragraph 233 do not call for an answer from this Answering Defendant. To the extent a response is required, Defendant denies the same.

234. The allegations in Paragraph 234 call for a legal conclusion and Plaintiffs have conceded that there is no training claim that is asserted in this litigation. To the extent a response is required, Defendant denies the same.

235. The allegations in Paragraph 235 call for a legal conclusion and Plaintiffs have conceded that there is no training claim that is asserted in this litigation. At oral argument on the Motion to Dismiss, Plaintiffs contended that their claim is for custom. To the extent a response is required, Defendant denies the same.

236. The allegations in Paragraph 236 call for a legal conclusion and Plaintiffs have conceded that there is no training claim that is asserted in this litigation. At oral argument on the Motion to Dismiss, Plaintiffs contended that their claim is for custom. The Court has dismissed the claims against the negotiators. To the extent a response is required, Defendant denies the same.

237. The allegations in Paragraph 237 call for a legal conclusion for which no response is required. To the extent a response is required, Defendant denies the same.

238. The allegations in Paragraph 238 call for a legal conclusion for which no response is required. At oral argument on the Motion to Dismiss, Plaintiffs contended that their claim is for custom (not for training and supervision). To the extent a response is required, Defendant denies the same.

239. The allegations in Paragraph 239 call for a legal conclusion and Plaintiffs have conceded that there is no training claim that is asserted in this litigation. At oral argument on the Motion to Dismiss, Plaintiffs contended that their claim is for custom. To the extent a response is required, Defendant denies the same.

240. Defendant denies the allegations in Paragraph 240.

241. Defendant denies the allegations in Paragraph 241.

242. Defendant denies the allegations in Paragraph 242. At oral argument on the Motion to Dismiss, Plaintiffs contended that their claim is for custom, not for any training or policy related issues.

243. Defendant denies the allegations in Paragraph 243. At oral argument on the Motion to Dismiss, Plaintiffs contended that their claim is for custom, not for any training or policy related issues.

244. Defendant denies the allegations in Paragraph 244.

245. Defendant denies the allegations in Paragraph 245. Defendant incorporates the Court's ruling on the Motion to Dismiss as to what claims/settlements are not relevant.

246. Defendant denies the allegations in Paragraph 246.

247. Defendant denies the allegations in Paragraph 247.

248. Defendant denies the allegations in Paragraph 248. At oral argument on the Motion to Dismiss, Plaintiffs contended that their claim is for custom, not for any training or policy related issues.

249. Defendant denies the allegations in Paragraph 249. At oral argument on the Motion to Dismiss, Plaintiffs contended that their claim is for custom, not for any training or policy related issues. The Court has dismissed the negotiator claims and no *Monell* claim can be based upon the same.

250. Defendant denies the allegations in Paragraph 250. At oral argument on the Motion to Dismiss, Plaintiffs contended that their claim is for custom, not for any training or policy related issues.

251. Defendant denies the allegations in Paragraph 251. At oral argument on the Motion to Dismiss, Plaintiffs contended that their claim is for custom, not for any training or policy related issues.

252. Defendant denies the allegations in Paragraph 252. At oral argument on the Motion to Dismiss, Plaintiffs contended that their claim is for custom, not for any training or policy related issues.

253. The allegations in Paragraph 253 call for a legal conclusion and Defendant denies any improper selection/retention and disputes that this individual action can be a *Monell* claim.

254. Defendant denies the allegations in Paragraph 254. At oral argument on the Motion to Dismiss, Plaintiffs contended that their claim is for custom, not for any training or policy related issues.

255. Defendant denies the allegations in Paragraph 255.

256. Defendant denies the allegations in Paragraph 256.

257. Defendant denies the allegations in Paragraph 257.

258. Defendant denies the allegations in Paragraph 258. Federal case law prohibits punitive damages against the City of Mesa.

**AFFIRMATIVE DEFENSES**

Defendant sets forth the following defenses to Plaintiffs' Complaint. Some of the defenses outlined below are true affirmative defenses (on which Defendant would bear the burden of proof or burden of production). Other defenses are outlined for the purpose of placing the Plaintiffs on notice of the legal defenses that Defendant will assert for the purpose of allowing Plaintiffs to fully evaluate their claims as this relates to any future request, by Defendant, for attorneys' fees for any claim that is subject to dismissal by the Court:

1. Defendant incorporates, by reference, the legal defenses and arguments set forth in its Motion to Dismiss.

2. Defendant incorporates, by reference, the defenses set forth in its Partial Answer.

3. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

4. At all times set forth in the Complaint, the City and its officers acted reasonably, in good faith, without malice, and based upon probable cause, reasonable suspicion, and/or their community caretaking responsibilities. Plaintiffs may not assert any *Monell* allegations where there is no underlying constitutional violation.

5. The officers' actions were objectively reasonable and conformed with their community caretaking obligations. Plaintiffs may not assert any *Monell* allegations where there is no underlying constitutional violation.

6. The decedent constituted a direct threat to the community and officers. Plaintiffs may not assert any *Monell* allegations where there is no underlying constitutional violation.

7. Arizona's survival statute precludes any federal claim for damages for any force that did not cause death. Plaintiffs may not assert any *Monell* allegations where there is no underlying constitutional violation that survives death.

8. The decedent assumed the risk of injury, acted in direct and intentional violation of Arizona laws, and acted intentionally and knowingly, jeopardizing his safety and well-being.

9. The doctrine of reasonable mistake of fact applies.

10. The City of Mesa is not subject to liability under 42 U.S.C. § 1983 as Plaintiffs cannot prove any violations pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

11. None of the City's training, supervision, or discipline/alleged failure to discipline was constitutionally deficient.

12. Defendant denies that there were any constitutional or state law violations by the Defendant officers and, as a result, Plaintiffs cannot recover under *Monell* in the absence of a constitutional violation or under state law in the absence of underlying torts.

13. Plaintiffs cannot establish that any policy or custom was the moving force behind any alleged constitutional violation.

14. Plaintiffs cannot establish that any policy or custom was the but-for or proximate cause of any constitutional violation.

15. The alleged other instances of force are not similar in character or fact pattern and do not provide notice for purposes of *Monell.*

16. Defendant alleges that the decedent's flight/resistance/non-compliance/force/shots at officers was not justified, and any injuries sustained were the result of decedent's unlawful and/or unjustified actions.

17. Settlements of disputed claims cannot be utilized to establish *Monell* claims.

18. Incidents occurring after the events of this litigation cannot be used to establish *Monell* claims.

19. To the extent that Plaintiffs assert any punitive damages, such damages are barred by *Smith v. Wade*, 416 U.S. 30 (1983); *City of Newport v. Fact Concerts, Inc*., 453 U.S. 247 (1981); and *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397 (9th Cir. 1991).

20. Defendant puts Plaintiffs on notice that further affirmative defenses may be added in an amended answer after discovery. These defenses may include any defense set forth in Rule 8(d) and/or Rule 12(b) of the Federal Rules of Civil Procedure, or as otherwise allowed by law.

WHEREFORE, having answered Count 2 of Plaintiffs' Third Amended Complaint, Defendant denies that Plaintiffs are entitled to any relief, including but not limited to the recovery of compensatory damages, punitive damages, or any other type of damages, denies that Plaintiffs are entitled to recover any legal fees or costs, and requests that judgment be entered in favor of Defendant and against Plaintiffs, that Defendant be awarded all relief it is entitled under the law, including but not limited to attorneys' fees and costs under A.R.S. § 12-349, 42 U.S.C. § 1988, and 28 U.S.C. § 1927.

///

///

///

DATED this 20th day of October, 2026.

WIENEKE LAW GROUP, PLC

By: */s/ Christina Retts*

Kathleen L. Wieneke
Christina Retts
Rebekah K. Browder
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
*Attorneys for Defendants City of Mesa, Brown, Cameron, Chuey, Freeman, Goodrich, Harris, Navarro, and Thomas*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Sean A. Woods
Robert T. Mills
Mills + Woods Law, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
*Attorneys for Plaintiffs*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

By: */s/ Lauren Rasmussen*